## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**MARK PETERS and KAREN WISE,**

      **Plaintiffs,**

                                        **CASE NO.:**

**vs.**

**COSCO & ASSOCIATES, INC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MARK PETERS and KAREN WISE ("Plaintiffs"), by and through undersigned counsel, hereby files this Complaint against Defendant, COSCO & ASSOCIATES, INC, ("Defendant") and in support thereof states as follows:

## JURIDISCTION AND VENUE

1.    This suit is brought against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2.    Jurisdiction is conferred upon this Court by:

      a.    42 U.S.C. § 2000

      b.    28 U.S.C. § 1331; and

      c.    28 U.S.C. § 1343.

3.     Venue is proper for the United States District Court for the Northern District of Florida because:

a.     Plaintiffs' employment with Defendant took place in the Northern District of Florida.

b.     The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the Northern District of Florida.

c.     Additionally, venue lies pursuant to 42 U.S.C. § 2000 and 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiffs' claims occurred within the Northern District of Florida, and because Defendant is subject to personal jurisdiction there due to employing Plaintiffs in the Northern District of Florida.

## CONDITIONS PRECEDENT

4.     More than thirty (30) days prior to the institution of this lawsuit, Plaintiffs individually filed a charge of discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations ("FCHR") alleging violations of Title VII and the Florida Civil Rights Act ("FCRA") by Defendant.

5.      On June 4, 2020, the FCHR issued Plaintiffs a letter of Determination finding No Reasonable Cause cause to believe that the FCRA was violated.

6.    This Complaint is being filed within ninety (90) days of the date in which Plaintiffs received their Notice of Determination, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the EEOC and FCHR.

7.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

8.    Plaintiffs are citizens of the United States, who during all material times resided in Valparaiso and Crestview, Florida, Okaloosa County, Florida located in the Northern District of Florida, and currently resides in Okaloosa County, Florida located in the Northern District of Florida.

9.    COSCO & ASSOCIATES, INC is a Florida for Profit Corporation listing its mailing address as 215 E. James Lee Blvd., Cosco Bldg, Crestview, Florida 32539 located in Okaloosa County, Florida. *See* Florida's Division of Corporation website at www.Sunbiz.org Therefore, venue is proper in this Court.

10.    According to Defendant's website, Defendant provides design, construction and financing services to ministries throughout the United States wishing to construct churches. See www.ChurchDesign.com

11.    According to Defendant's website, Defendant is "dedicated to honoring God in all we say and do...". Id

12.     Defendant is a person within the meaning of Title VII, 42 U.S.C. § 2000e(a).

13.     Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

14.     Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

15.     At all times material to this action, Defendant engaged in unlawful religious discriminatory practices against Plaintiffs in violation of Title VII.

16.     At all times material to this action, Defendant engaged in unlawful sex/gender harassment against KAREN WISE in violation of Title VII.

## STATEMENT OF CLAIMS

17.     Plaintiff, Mark Peters was employed by Defendant as Production Manager beginning in approximately November 2004.

18.     Plaintiff, Karen Wise was employed by Defendant as a Project Accountant beginning in approximately February 2016.

19.     At all times material to this action, Plaintiffs were both married individuals.[1]

20.     Despite the above, both Plaintiffs were seeking to file for divorce from their respective spouses and pursue a relationship together.

---

[1] For clarity, Plaintiffs were not married to each other.

4

21.    On approximately August 26, 2019, Mark Peters had a private conversation with a co-worker expressing his intention to file for divorce from his wife.

22.    Two days later, on August 28, 2019, Tim Songster ("Mr. Songster"), President of Cosco & Associates, Inc., instructed Mark Peters to meet with him in his office.

23.    During this meeting, Mr. Songster and three other employees confronted Mr. Peters about his intention to file for divorce from his wife.

24.    Mr. Songster and the three other employees shared religious scripture in an effort to discourage and deter Mr. Peters from seeking a divorce from his wife.

25.    During this meeting, Mr. Songster was made aware of Mr. Peters' and Mrs. Wise's growing relationship.

26.    Mr. Songster and the three other employees proceeded to give Mr. Peters tasks that were rooted in religious beliefs such as seeking *religious* marriage counseling.

27.    Mr. Peters was specifically told to avoid non-religious marriage counseling.

28.    Further, Mr. Peters was instructed not to communicate with Plaintiff, Karen Wise for thirty (30) days.

29.    Finally, Mr. Peters was instructed to take thirty (30) days of paid leave in an effort to seek religious counseling, pray, and reconsider his decision to file for divorce.

30.    During Mr. Peter's thirty (30) days of paid leave, Mr. Peters received several text messages from Defendant sharing religious scripture relating to the sanctity of marriage and family.

31.    On approximately September 30, 2019, Mr. Peters returned to work from his thirty (30) days of paid leave and was questioned by Defendant regarding his status on filing for divorce.

32.    In response, Mr. Peters made clear that he was no longer sharing personal decisions with co-workers and that his decision to file for divorce had not changed.

33.    On October 4, 2019, Defendant required Mark Peters to sign an updated policy to the company handbook regarding non-fraternization. See attached Exhibit A.

34.    On October 7, 2019, Defendant required Karen Wise to sign a newly implemented policy to the company handbook regarding non-fraternization. See attached Exhibit B.

35.    Defendant's newly implemented non-fraternization policy specifically allows for intra-office relationships so long as;

a.     The employees engaged in the romantic or dating relationship notify Tim Songster as soon as the relationship commences; and

b.     The employees engaged in the romantic or dating relationship acknowledge they may be asked to sign a document acknowledging that their relationship is entirely consensual and free from coercion and harassment.

c.     The employees engaged in the romantic or dating relationship acknowledge that if the relationship is between a more senior and more junior employee, the more senior employee may be subject to demotion to remove any potential conflict of interest.

Id

36.    Despite signing the non-fraternization policy, both Mr. Peters and Mrs. Wise were terminated less than a week later on October 10, 2019.

37.    Both Mr. Peters and Mrs. Wise were provided letters outlining the basis for their termination. See attached Exhibit C.

38.    Defendant provides the basis for Mr. Peters' and Mrs. Wise's termination stating in part;

"The decision is based primarily on concerns we have related to your judgment… While we have received no complaints regarding this relationship, the Company has made the decision that it will not allow such a relationship to continue and that the decision to engage in such a relationship demonstrates poor

judgment inconsistent with the Company's core values and goals."

Id. Emphasis added

39.     Plaintiffs, Mr. Peters and Mrs. Wise, were terminated due to conflicts with Defendant's religious beliefs and values by;

      a.     Seeking a dissolution of marriage from their respective spouses; and

      b.     Engaging in an extramarital relationship together.

40.     Additionally, throughout Karen Wise's employment, Mr. Songster engaged in a pattern of sexually harassing behavior directed at Mrs. Wise.

41.     Specifically, numerous times during Mrs. Wise's employment, Mr. Songster questioned Mrs. Wise on how she was hired at Cosco & Associates, Inc. stating that he only hired old, fat, and ugly women so that they will not be a distraction towards him or any other men employed at the company.

42.     On another occasion, Mr. Songster approached Mrs. Wise stating he had a dream about her while his wife was asleep next to him. He proceeded to explain that he believed Mrs. Wise was "wild" and if Mrs. Wise ever approached him for sex he would close his office door, regardless of business hours, and lay Mrs. Wise across his office table to have sex with her.

43.     On more than one occasion, Mrs. Wise had to return to work after business hours to grab items she forgot. Due to feeling uncomfortable being alone

with Mr. Songster, Mrs. Wise brought her adult son with her for protection from Mr. Songster. Mr. Songster later informed Mrs. Wise that she was lucky she was not alone otherwise they would have engaged in sexual favors.

44.   In approximately November 2018, Mr. Songster explained to Mrs. Wise that if she accompanied him on a private flight for a dedication ceremony in Pennsylvania, he and Mrs. Wise could join the "Mile High Club".[2]

45.   The hostile advances by Mr. Songster directed towards Ms. Wise were unwelcomed.

46.   The unlawful employment practices complained of above were intentional.

47.   The unlawful employment practices complained of above were willful.

## APPLICABLE STATUTES

48.   Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., provides in pertinent part as follows;

> **Employer practices**. It shall be an unlawful employment practice for an employer-
> (1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

---

[2] The "Mile High Club" generally refers to engaging in sex while on an airplane.

Emphasis added.

## COUNT I
## DISCRIMINATION BASED ON RELIGION IN
## VIOLATION OF TITLE VII
## (MARK PETERS)

49.     Plaintiff, Mark Peters, re-alleges and adopts paragraph 1 – 48 as though set forth fully herein.

50.     Defendant's acts were intentional, with malice, and in violation of Mr. Peter's protected civil rights under Title VII.

51.     Plaintiff, Mark Peters, has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on religion.

52.     The above discrimination was done by Defendant with a reckless disregard for Mark Peters' rights under federal laws.

53.     As a direct and proximate result of the discrimination described above, Mark Peters has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Mark Peters, prays for a trial by jury and all legal and equitable relief allowed by law including:

10

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON RELIGION IN
## VIOLATION OF TITLE VII
## (KAREN WISE)

54.    Plaintiff, Karen Wise, re-alleges and adopts paragraph 1 – 48 as though set forth fully herein.

55.    Defendant's acts were intentional, with malice, and in violation of Karen Wise's protected civil rights under Title VII.

56.    Plaintiff, Karen Wise, has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on religion.

57.    The above discrimination was done by Defendant with a reckless disregard for Karen Wise's rights under federal laws.

58.    As a direct and proximate result of the discrimination described above, Karen Wise has suffered and continues to suffer loss of employment, loss of

income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Karen Wise, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits and/or lost earning capacity;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

## COUNT III
## HOSTILE WORK ENVIRONMENT BASED ON SEX IN VIOLATION OF TITLE VII
### (KAREN WISE)

59.    Plaintiff, Karen Wise, re-alleges and adopts paragraph 1 – 48 as though set forth fully herein.

60.    Defendant's acts were intentional, with malice, and in violation of Karen Wise's protected civil rights under Title VII.

61.    Plaintiff, Karen Wise, has been damaged and continues to be damaged by Defendant's illegal conduct and hostile actions based on sex.

62.    The above harassment was done by Defendant with a reckless disregard for Karen Wise's rights under federal laws.

63.    The above harassment was serve or pervasive enough to change the conditions of employment and create and abusive environment.

64.    As a direct and proximate result of the harassment described above, Karen Wise has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Karen Wise, prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits and/or lost earning capacity;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such other relief as the Court may deem just and proper.

**<u>Plaintiffs specifically reserve the right to amend her Complaint to seek<br> punitive damages against Defendant</u>**

DATED this 1st day of September 2020.

                                      **MORGAN & MORGAN, P.A.**

                       **/s/ Matthew R. Gunter**
MATTHEW R. GUNTER, ESQ.
Fla. Bar No. 0077459
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 236-0946
Fax: (407) 867-4791
Email:    MGunter@forthepeople.com
Attorney for Plaintiff